UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMPTER LOVELLE PORTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LANCASTER STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. CV 18-0107 CJC (SS)<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>**DISMISSING COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On January 5, 2018, Sumpter Lovelle Porter ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ("Complaint" or "Compl.," Dkt. No. 1). Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is

frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.
## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues (1) California State Prison-Los Angeles County at Lancaster ("CSP-LAC"); (2) Warden Asuncion[2]; (3) Associate Warden Lewandowski; (4) Correctional Officer Jones; (5) Correctional Officer Cortez; and (6) "Medical Staff & Mental Health Worker & Doctors." (Compl. at 1). Plaintiff does not state whether he is attempting to sue the individual defendants in their individual or official capacity.

The Complaint is captioned as a "Declaration of Sumpter L. Porter" and is signed by Plaintiff under penalty of perjury. (Id.

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

[2] The Complaint identifies the Warden's last name as "Suncion." The Court takes judicial notice that Debbie Asuncion is the Warden of CSP-LAC, as reflected on the California Department of Corrections and Rehabilitation ("CDCR") website, and will refer to her by that name. See http://www.cdcr.ca.gov/Facilities_Locator/LAC.html; see also In re Yahoo Mail Litig., 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute).

2

at 1-3 (continuous pagination)). The Complaint attaches as exhibits the declarations of five other CSP-LAC inmates who state, also under penalty of perjury, that the statements in Plaintiff's declaration are "true and correct," (id. at 4-8), and several documents, including prison grievances, health care services request forms, inventory sheets, and an Administrative Segregation Unit ("Ad Seg") Placement Notice. (Id. at 9-24).

Although very brief, the Complaint is not entirely clear. Plaintiff appears to allege that he was placed in Ad Seg on October 10, 2017. (Id. at 2). On December 6, 2017, Plaintiff was assaulted by unidentified "prison guards" and wrongfully placed on suicide watch by "medical staff" for a 24-hour hold. (Id.). While Plaintiff was on suicide watch, property was taken from his cell but was not inventoried. (Id. at 2-3). When Plaintiff was released from suicide watch and returned to his cell, he noticed that a number of items were missing.[3] (Id. at 3).

\\
\\
\\
\\

---

[3] Plaintiff does not identify what the missing property was in the body of the Complaint, but a grievance dated December 11, 2017 attached as an exhibit to the Complaint states that the "stolen property" includes, among other things, an address book, headphones, legal work, prayer oil, glasses, two bags of coffee, two bars of soap, two deodorants, one toothpaste, thirty stamps, a canteen worth 25 dollars, and a full set of dentures. (Id. at 11). The same grievance also appears to complain that when Plaintiff was taken to suicide watch, staff broke his prayer beads, cut off his "thermal top and bottom," and removed his knee brace. (Id.).

3

**III.**

                                **DISCUSSION**


     Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For the reasons discussed below, it is not "absolutely clear" that at least some of the defects of Plaintiff's Complaint could not be cured by amendment. The Complaint is therefore DISMISSED with leave to amend.

**A.   The Complaint Violates Federal Rule of Civil Procedure 8**

     Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). Here, the Complaint says too little.
\\
\\

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Complaint violates Rule 8 because Plaintiff does not clearly identify the nature of each of the legal claims he is bringing, the specific facts giving rise to each claim, or the specific Defendant or Defendants against whom each claim is brought. Without more specific information, Defendants cannot respond to the Complaint. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint).

Moreover, because Plaintiff's verification of his Complaint under oath is sufficient to attest to the truth of the matters asserted, the declarations by other inmates are unnecessary. In addition, because Plaintiff is not required to provide evidence supporting his claims at this stage of the litigation, the exhibits attached to the Complaint are similarly unnecessary. Finally, the Complaint must state what relief Plaintiff is seeking by this action. Accordingly, the Complaint is dismissed, with leave to amend.

**B.      CSP-LAC Is An Improper Defendant**

The Eleventh Amendment bars suits for money damages against states and their agencies under section 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Brown v. Cal. Dep't of Corr., 554 F.3d

747, 752 (9th Cir. 2009) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (dismissal of civil rights action "as to the Department of Prisons was proper" because "[t]he Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment"). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity and CSP-LAC is an improper Defendant in this suit. However, a plaintiff may seek monetary damages under section 1983 from state employees in their individual capacity. See Adler v. Lewis, 675 F.2d 1085, 1098 (9th Cir. 1982) ("State officials must be sued in their individual capacity in an action for monetary damages.").

**C. Plaintiff Fails To State A Claim Against The Individual Defendants**

To establish a civil rights violation, a plaintiff must show either the defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

**1. The Warden And Associate Warden**

Government officials may not be held liable under section 1983 simply because their subordinates engaged in unconstitutional conduct. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Where

a plaintiff names a supervisor as a defendant but does not allege that the supervisor <u>directly</u> participated in the constitutional violation, a "sufficient causal connection" to the violation may be shown where the supervisor "set 'in motion a series of acts by others, or knowingly refused to terminate [such acts], which he knew or reasonably should have known, would cause others to inflict the constitutional injury.'" <u>Levine v. City of Alameda</u>, 525 F.3d 903, 907 (9th Cir. 2008) (quoting <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991)); <u>see also</u> <u>Preschooler II v. Clark County Bd. of Trustees</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (a supervisor may be held accountable only "for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others").

Plaintiff names the Warden and Associate Warden as Defendants, but the Complaint does not include <u>any</u> allegation stating what Plaintiff believes they did or did not do, or identify <u>any</u> constitutional right that was violated by their purported actions. The Warden and Associate Warden are not liable under section 1983 simply because they run CSP-LAC and Plaintiff believes that someone at the prison violated his rights. Accordingly, Plaintiff's claims against the Warden and Associate Warden are dismissed, with leave to amend. Plaintiff is expressly cautioned that he must not allege claims without a legal and factual basis.

### 2. Correctional Officers Jones And Cortez

The caption of the Complaint names Correctional Officers Jones and Cortez as Defendants. However, there are no factual allegations in the body of the Complaint stating what Plaintiff believes Jones and Cortez did (or did not do), or explaining why their actions violated his civil rights. Without more specific allegations, Plaintiff has not plausibly pled that these Defendants were personally involved in violating his rights or that their actions had any causal connection to the purported constitutional violations. Accordingly, Plaintiff's claims against Jones and Cortez are dismissed with leave to amend.

### 3. Unnamed Health Care Providers

Plaintiff also sues "Medical Staff & Mental Health Worker & Doctor," none of whom he identifies by name. Generally, courts do not favor actions against "unknown" defendants. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). However, a plaintiff may sue unnamed defendants when the identity of the alleged defendants is not known before filing the complaint. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If that is the case, a court gives the plaintiff "the opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities." Id. A plaintiff must diligently pursue discovery to learn the identity of unnamed defendants.

Here, however, the claims against the unnamed Defendants must be dismissed because the Complaint fails to state what each of these Defendants did in their individual capacity to violate Plaintiff's rights. To state a claim against more than one unnamed Defendant, Plaintiff must identify each Doe Defendant as "Doe No. 1, Doe No. 2," etc., in the body of the Complaint and show how each Defendant individually participated in the alleged constitutional violations, whether or not Plaintiff knows the Defendant's name. Accordingly, the Complaint must be dismissed, with leave to amend.

**D.  Plaintiff Fails To State A Claim Relating To His Placement On Suicide Watch**

As noted above, the Complaint attempts to sue various unnamed health care providers and alleges that medical staff "made the wrong call" by placing him on suicide watch. (Compl. at 2). It is unclear whether Plaintiff is attempting to allege that that his 24-hour placement on suicide watch violated his Fourteenth Amendment due process rights or his Eighth Amendment right to be free from cruel and unusual punishment. Whatever the intended constitutional basis, these claims fail.

**1.  Fourteenth Amendment**

The Due Process Clause protects prisoners from deprivation of life, liberty or property without due process of law. Serra v. Lappin, 600 F.3d 1191, 1196 (9th Cir. 2010); Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, "lawfully incarcerated persons

retain only a narrow range of protected liberty interests." Hewitt v. Helms, 459 U.S. 460, 467 (1983). "'[A]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" Chappell v. Mandeville, 706 F.3d 1052, 1063 (9th Cir. 2013) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

The Due Process clause does not directly confer a liberty interest in avoiding a transfer to more adverse confinement conditions. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)); Anderson v. County of Kern, 45 F.3d 1310, 1315 (9th Cir. 1995) ("[T]here is no liberty interest in remaining in the general population."). However, an inmate may possess a state-created liberty interest when his confinement "imposes an atypical and significant hardship . . . in relation to the ordinary incidents of prisoner life." Sandin v. Conner, 515 U.S. 472, 484 (1995); Chappell, 706 F.3d at 1064 (quoting same).

To determine whether a restraint is an atypical and significant hardship, the court considers "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the

duration of the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (quoting Sandin, 515 U.S. at 486-87). For example, the Supreme Court has determined that while "[m]any of the restrictions on a prisoner's freedom of action [at a mental health care facility] might not constitute the deprivation of a liberty interest retained by a prisoner, . . . the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections." Vitek v. Jones, 445 U.S. 480, 494 (1980).

To the extent that Plaintiff is attempting to assert a due process claim arising from his 24-hour placement on suicide watch, the claim fails. Plaintiff does not explain what the conditions were while he was on suicide watch, how the conditions differed from the general population, why they constituted an "atypical and significant hardship," and whether he was subjected to mandatory, involuntary treatment while under observation. Accordingly, the Complaint must be dismissed, with leave to amend. See Trujillo v. Sherman, 2017 WL 1549937, at *6 (E.D. Cal. May 1, 2017); (prisoner-plaintiff's allegation that he was "placed on a 24-hour suicide watch without blankets or clothes does not meet the extreme requirements necessary to state a conditions of confinement claim under the Due Process Clause"); Jacobs v. Sullivan, 2010 WL 1342368, at *8 (E.D. Cal. Apr. 5, 2010) (plaintiff failed to state due process claim arising from placement on suicide watch where he did not describe the conditions at the medical facility or explain

how being placed on suicide watch was an atypical and significant hardship).

**2. Eighth Amendment**

It is also possible that Plaintiff may be attempting to claim that his placement on suicide watch constituted cruel and unusual punishment prohibited by the Eighth Amendment. Infliction of suffering on prisoners that is "totally without penological justification" violates the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Only "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). The punishment must constitute "shocking and barbarous treatment." Grummett v. Rushen, 779 F.2d 491, 494 n.1 (9th Cir. 1985).

The Complaint vaguely alleges that Plaintiff's placement on suicide watch caused "harm and pain," but fails to describe what that harm and pain were, or explain why the placement constituted shocking and barbarous treatment. Accordingly, the Complaint fails to state a claim under the Eighth Amendment, and must be dismissed, with leave to amend.

\\
\\
\\
\\
\\

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **<u>It is not necessary for</u>**

**Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation**. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). **Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: March 13, 2018

                                              /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE